# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANSUR BAGALIYEV,<br><br>    Plaintiff,<br><br>v.<br><br>A&A LOGISTICS GROUP, INC.,<br>a Pennsylvania corporation,<br><br>    Defendant. | Civil Action No.: 2:25-cv-7028<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The plaintiff, MANSUR BAGALIYEV ("Plaintiff"), by and through the undersigned counsel, VLADIMIR TSIRKIN & ASSOCIATES, P.A., hereby submits the following Complaint and Demand for Jury Trial against the defendant, A&A LOGISTICS GROUP, INC., a Pennsylvania corporation ("Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## PARTIES

1. Plaintiff is an adult individual residing in Brooklyn, New York.

2. Defendant is a Pennsylvania corporation with its principal place of business located at 2396 Old Bristol Rd, Southampton, PA 18966, within the Commonwealth of Pennsylvania and is subject to service of process in this District.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, as Plaintiff is a citizen of New York and Defendant is a citizen of Pennsylvania.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District for venue purposes, maintains its principal place of business here,

and because substantial acts and omissions giving rise to Plaintiff's claims, including corporate safety decisions, driver qualification, training, supervision, and vehicle maintenance, occurred in this District.

5.     To the extent the laws of more than one jurisdiction may apply to the claims and defenses asserted herein, Plaintiff expressly reserves the right to the application of the substantive law most favorable to Plaintiff under applicable choice-of-law and conflict-of-law principles.

## FACTUAL ALLEGATIONS

6.     On or about November 7, 2024, while in the County of Panola, the State of Texas, Plaintiff was a lawful passenger in a tractor-trailer owned by Defendant.

7.     At the time of the incident, the tractor-trailer was being operated by an employee, subcontractor, and/or agent of Defendant (the "Operator"), who was acting within the course and scope of his agency, employment, and/or contractual relationship with Defendant.

8.     At all relevant times, Defendant was a regulated motor carrier subject to the Federal Motor Carrier Safety Regulations, including but not limited to regulations governing:

   a. Driver qualification, training, and supervision;

   b. Hours-of-service compliance and monitoring;

   c. Vehicle inspection, repair, and maintenance;

   d. Safety management controls and policies; and

   e. Driver fitness and disqualification standards.

9.     Defendant violated one or more Federal Motor Carrier Safety Regulations, including failures related to driver qualification, hours-of-service compliance and fatigue management, safety policy enforcement, and vehicle inspection, repair, and maintenance, which violations constitute evidence of negligence, negligence per se where applicable, and reckless disregard for public safety.

10. The Operator failed to control the tractor-trailer's speed and collided with another vehicle, causing a crash and injuring Plaintiff.

11. As a direct and proximate result of the collision, Plaintiff sustained severe and permanent injuries, has endured and will continue to endure physical pain and suffering, mental anguish, loss of life's pleasures, loss of earnings and/or earning capacity, and has incurred and will continue to incur medical and related expenses.

12. At all relevant times, Defendant owed Plaintiff a duty to exercise reasonable care in the ownership, operation, maintenance, entrustment, and control of its vehicles, including the tractor-trailer involved in the subject collision, and to ensure that its drivers operated such vehicles safely, prudently, and in compliance with applicable laws and regulations.

13. The collision and Plaintiff's resulting injuries were caused by the negligence, carelessness, and recklessness of the Operator and Defendant, acting by and through its employees, subcontractors, agents, and servants, jointly and severally, including but not limited to, the following acts and omissions:

> a. Failing to operate the tractor-trailer at a safe and appropriate speed under the circumstances, including traffic, roadway, and weather conditions;
>
> b. Failing to maintain proper control of the tractor-trailer;
>
> c. Failing to maintain a proper lookout and to observe traffic and roadway conditions;
>
> d. Following too closely and/or failing to timely brake to avoid a collision;
>
> e. Operating the tractor-trailer in violation of applicable motor vehicle and commercial carrier laws and regulations, including speed and safe operation requirements;
>
> f. Failing to properly train, supervise, and monitor the Operator;

      g. Negligently entrusting the tractor-trailer to an unfit, unsafe, or inadequately trained Operator;

      h. Failing to implement and enforce adequate safety policies and procedures;

      i. Failing to inspect, maintain, and repair the tractor-trailer to ensure safe operation, to the extent vehicle condition contributed to the collision; and

      j. Such other acts and omissions of negligence as may be revealed during discovery.

14. At all relevant times, the Operator was acting within the course and scope of his agency, employment, and/or contractual relationship with Defendant, rendering Defendant vicariously liable under the doctrines of respondeat superior, agency, and/or ostensible agency.

15. Defendant's direct corporate negligence, including but not limited to negligent hiring, retention, training, supervision, safety management, and entrustment, exists independently of any admission or denial of agency or scope of employment.

16. As a direct and proximate result of the aforesaid negligence, Plaintiff sustained the injuries and damages described herein.

## COUNT I - NEGLIGENCE
**(Against A&A Logistics Group, Inc., Vicarious Liability and Direct Negligence)**

17. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length.

18. Defendant is vicariously liable for the negligent acts and omissions of the Operator under the doctrines of respondeat superior and agency.

19. Defendant is directly liable for its own negligence in hiring, retaining, training, supervising, monitoring, and entrusting the Operator; in failing to implement, communicate, and enforce reasonable safety policies and procedures; and in failing to properly inspect, maintain, and repair the tractor-trailer, to the extent applicable.

20. Defendant's negligence was a factual and legal cause of the collision and of Plaintiff's severe and permanent injuries and damages.

21. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer damages, including but not limited to, past and future medical expenses; past and future lost wages and loss of earning capacity; past and future pain and suffering; emotional distress; loss of enjoyment of life; scarring and disfigurement; and other economic and non-economic damages recoverable under applicable law.

### COUNT II - NEGLIGENT ENTRUSTMENT/NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION
**(Against A&A Logistics Group, Inc.)**

22. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length.

23. Defendant knew or, in the exercise of reasonable care, should have known that the Operator was unfit, unsafe, inadequately trained, or otherwise likely to operate the tractor-trailer in a manner creating an unreasonable risk of harm.

24. Defendant negligently entrusted the tractor-trailer to the Operator and negligently hired, retained, trained, and supervised the Operator.

25. Defendant's negligent entrustment and negligent hiring, retention, training, and supervision were a direct and proximate cause of the collision and Plaintiff's injuries and damages.

### COUNT III – GROSS NEGLIGENCE / RECKLESS DISREGARD
**(Against A&A Logistics Group, Inc.)**

26. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length.

27. Defendant, through its acts and omissions, including systemic failures in safety management, driver qualification, supervision, hours-of-service compliance, and enforcement of

mandatory safety regulations, acted with reckless disregard and conscious indifference to the safety of others, including Plaintiff.

28. Defendant's conduct was a direct and proximate cause of the collision and Plaintiff's injuries.

29. Plaintiff seeks punitive and/or exemplary damages to punish Defendant and to deter similar misconduct.

## DAMAGES

30. As a direct and proximate result of the collision and Defendant's acts and omissions, Plaintiff has suffered severe and permanent bodily injuries; has incurred medical, hospital, rehabilitative, and related expenses; has suffered lost wages and loss of earning capacity; and has endured pain, suffering, emotional distress, and loss of enjoyment of life, all to his great detriment and loss. These damages are ongoing and are reasonably expected to continue into the future.

## JURY DEMAND

31. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mansur Bagaliyev, respectfully demands judgment against Defendant, A&A Logistics Group, Inc., and requests that the Court award:

  a. Compensatory damages in an amount in excess of $75,000, together with pre- and post-judgment interest as allowed by law;

  b. Punitive and/or exemplary damages as allowed by law;

  c. Past and future medical expenses, lost wages, and loss of earning capacity;

  d. Costs of suit; and

      e. Such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 12, 2025.  **VLADIMIR TSIRKIN & ASSOCIATES**

/s/Vladimir Tsirkin
Vladimir Tsirkin, Esq.,
800 SE 4th Ave, Suite 620
Hallandale Beach, FL 33009
Ph. 305-831-4333/Fax: 732-525-2202
Email: vt@99crash.com
*Attorneys for Plaintiff*